IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ANTHONY T. BUTLER, | ) | |
| Petitioner, | ) | |
| v. | ) | 11 C 4840 |
| | ) | |
| | ) | Judge Virginia M. Kendall |
| MARCUS HARDY, et al., | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Anthony T. Butler brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 for alleged violations of his constitutional rights. Butler is currently incarcerated at the Stateville Correctional Center, where he is in the custody of Warden Marcus Hardy. Butler was convicted by a jury in the Circuit Court of Kane County, Illinois for the murder of Eric Greene. *See People v. Butler*, No. 01-CF-2617 (Kane Cty. Cir. Ct. June 5, 2003). Following trial, Butler was sentenced to a term of fifty years of imprisonment. Butler appealed his conviction, challenging only the length of his sentence, and the Illinois Appellate Court affirmed. *See People v. Butler*, No. 2-03-1313 (Ill. App. Ct. June 30, 2005). Butler did not file a Petition for Leave to Appeal in the Illinois Supreme Court or petition the United States Supreme Court for a writ of certiorari.

On December 23, 2005, Butler filed for postconviction relief in the Circuit Court of Kane County pursuant to 725 ILCS 5/122-1, *et seq*. His petition was later amended by

1

counsel. Butler argued (1) that his trial counsel was ineffective for (a) influencing Butler not to testify on his own behalf, (b) failing to interview and call potential witness Connie Sue Wilson, and (c) failing to move to suppress Butler's statement to the police; and (2) newly discovered evidence demonstrated his actual innocence. On August 8, 2008, the Circuit Court of Kane County granted the State's motion to dismiss on the grounds that Butler's ineffective assistance of counsel claim was forfeited by his failure to raise the claim on direct appeal, and that Butler had failed to present newly discovered evidence of his actual innocence sufficient to "probably change the result on retrial." *See People v. Butler*, No. 01-CF-2617 (Kane Cty. Cir. Ct. August 8, 2008). On October 27, 2010, the Illinois Appellate Court affirmed the judgment of the Circuit Court of Kane County, but held that the ineffective assistance of counsel claim was not forfeited. *See People v. Butler*, No. 2-08-0779 (Ill. App. Ct. Oct. 27, 2010). It nevertheless affirmed on the basis that (1) trial counsel did not unduly influence Butler not to testify; (2) Butler forfeited his claim based on the failure to suppress by not briefing the issue; (3) Butler failed to establish that Wilson's testimony would have been credible or exculpatory; and (4) Butler did not present newly discovered evidence of such a conclusive character to change the result. *See Id.* Butler filed a Petition for Leave to Appeal in the Illinois Supreme Court, but he did not raise the issue of ineffective assistance of trial counsel in his Petition. On January 26, 2011, the Illinois Supreme Court denied Butler's postconviction Petition for Leave to Appeal. *See People v.*

2

*Butler*, 943 N.E.2d 1102 (Ill. Jan. 26, 2011)

On July 18, 2011, Butler filed with this Court the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Butler advances three arguments in his Petition: (1) that his trial counsel was ineffective for (a) influencing Butler not to testify on his own behalf, (b) failing to interview and call potential witness Connie Sue Wilson, and (c) failing to move to suppress Butler's statement to the police; (2) that appellate counsel was ineffective for failing to file a direct Petition for Leave to Appeal in the Illinois Supreme Court; and (3) that newly discovered evidence demonstrates Butler's actual innocence.

Butler's claims for federal habeas corpus review based on the ineffective assistance of trial and appellate counsel are procedurally defaulted. Before federal habeas corpus relief may be sought by a state inmate, the petitioner must exhaust his state court remedies and give the state courts a full and fair opportunity to consider the merits of the constitutional objections. *See Johnson v. Pollard*, 559 F.3d 746, 751 (7th Cir. 2009). It is incumbent on the district courts, before deciding a habeas corpus petition, to ensure that all of the claims raised in the petition were properly presented to the state courts. *See Johnson v. Loftus*, 518 F.3d 453, 455 (7th Cir. 2008). Claims that were not raised in state court cannot be raised in federal court, and only claims that were appealed to the state's highest court are subject to federal habeas corpus review under § 2254. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Conner v. McBride*, 375 F.3d 643, 648 (7th Cir. 2004).

Butler did not raise his ineffective assistance of appellate counsel claim in the state courts, either on direct appeal or in his petition for postconviction relief. Thus, that claim is procedurally defaulted and therefore it is improperly before this Court. Likewise, Butler did not appeal his ineffective assistance of trial counsel claim to the Illinois Supreme Court in his Petition for Leave to Appeal. This claim too is therefore procedurally defaulted and cannot be raised in a federal habeas corpus petition. Butler's remaining claim, his claim of actual innocence, is not cognizable on § 2254 habeas review. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) (holding that claims of actual innocence are not cognizable on federal habeas corpus review under § 2254).

Because Butler's claims for ineffective assistance of counsel are procedurally defaulted, Butler must show cause for not raising the issue at the appropriate stage of appeal and prejudice from the alleged error. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Smith v. Mckee*, 598 F.3d 374, 383 (7th Cir. 2010). Butler claims that the cause for his failure to raise his ineffective assistance of appellate counsel claim on postconviction review resulted from his lawyer's alleged refusal to file a late Petition for Leave to Appeal in the Illinois Supreme Court on his direct appeal. Butler claims that he asked his appellate counsel to file an appeal in his case. After his appeal was denied by the intermediate appellate state court, Butler claims that his attorney did not advise him of his right to appeal to the Illinois Supreme Court. He claims that when he later learned that he could

file a Petition for Leave to Appeal, he wrote his appellate counsel to ask if she would file a late Petition, and she allegedly refused. Butler does not state how his appellate counsel's alleged refusal to file a late Petition for Leave to Appeal on direct review prejudiced his case. However, the Court need not strain far to imagine that the prejudice Butler would allegedly claim is that as a result of his inability to take a direct appeal to the Illinois Supreme Court he was not exonerated by that Court as he would have been had an appeal been perfected. This argument does not explain why Butler did not raise his ineffective assistance of appellate counsel claim in the Illinois state courts on postconviction review. He neither raised it at the circuit court level, at the appellate court level, or in his Petition for Leave to Appeal to the Illinois Supreme Court. If Butler wished to pursue a claim that his appellate counsel was ineffective for failing to file a Petition for Leave to Appeal on direct review he must have raised this claim in his postconviction petition. Butler fails to articulate any cause to demonstrate why he did not do this. Thus, Butler has not established cause for not raising the issue at the appropriate level of review. *See Smith*, 598 F.3d at 383 (finding a lack of cause to excuse the petitioner's procedural default where the petitioner could not explain his failure to raise his ineffective assistance of counsel claim to the state courts on postconviction review).

As to his claim for ineffective assistance of trial counsel, Butler claims that the cause for not raising the issue at the appropriate stage of appeal resulted from his lawyer's undue

5

influence over him in convincing him not to testify on his own behalf. Butler claims that he was prejudiced by this error because he claims that had he exercised his right to testify in his own defense at his trial he would have testified that he did not shoot anyone. Butler's asserted justification does not explain his failure to raise his ineffective assistance of trial counsel claim to the Illinois Supreme Court in his Petition for Leave to Appeal. Butler raised this argument in the trial court and at the appellate court level, but he failed to present it to the Illinois Supreme Court. Butler does offer any argument to explain why he petitioned the lower state courts for postconviction relief on the grounds of ineffective assistance of trial counsel but failed to Petition the Supreme Court for Leave to Appeal on those grounds, thus procedurally defaulting on this claim. Accordingly, Butler cannot show cause as to why he failed to raise the issue at the proper level of appeal—in his Petition to Appeal in the Illinois Supreme Court. *See Smith*, 598 F.3d at 383 (finding lack of cause to excuse the petitioner's procedural default where the petitioner could not explain his failure to raise his ineffective assistance of counsel claim to the Illinois Supreme Court in his Petition for Leave to Appeal).

Butler argues that his procedural default in not bringing his ineffective assistance of trial counsel claim to the Illinois Supreme Court in his Petition for Leave to Appeal should be excused under the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). *Martinez* holds that "an inadequate assistance of counsel at initial-review

collateral proceedings may establish cause for a prisoner's procedural default on a claim of ineffective assistance of trial counsel." *Martinez*, 132 S. Ct. at 1315. The exception is narrowly tailored to cases in which the petitioner's first opportunity to raise an ineffective assistance of counsel claim is on collateral review. *See Id.* at 1320. ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."). In *Martinez* the petitioner's first opportunity to raise his ineffective assistance of counsel claim under Arizona law was on collateral review. *See Id.* at 1317. The law in Illinois differs in material respects from that of Arizona. Under Illinois law a petitioner can adequately develop the factual record supporting his ineffective assistance of counsel claim prior to his direct appeal by filing post-trial motions pursuant to the Illinois Supreme Court's decision in *People v. Krankel*, 464 N.E.2d 1045, 1049 (Ill. 1984) (holding that a defendant is entitled to new counsel to represent him on post-trial motions alleging ineffective assistance of trial counsel). Although Butler did not raise a claim of ineffective assistance of trial counsel on direct appeal or through post-trial motions, he had the *opportunity to do so*, and this brings him outside the ambit of *Martinez*. One court in this District has already suggested that *Martinez* is inapplicable to Illinois prisoners' petitions for habeas corpus

7

because collateral attack is not an Illinois petitioner's first opportunity to raise an ineffective assistance of counsel claim. *See, e.g., Blair v. Rednour*, No. 11 C 4108, 2012 WL 1280831, at *4 (N.D. Ill. April 11, 2012) (Gettleman, J.). Furthermore, *Martinez* does not apply to "appeals from initial-review collateral proceedings" and "petitions for discretionary review in a State's appellate court." *Martinez*, 132 S. Ct. at 1320. Thus, even if *Martinez* applies at all to habeas corpus petitions of Illinois prisoners—and this Court doubts that it does—it is inapplicable to the instant Petition because Butler's default results from his failure to raise his claim of ineffective assistance of trial counsel in his postconviction Petition for Leave to Appeal in the Illinois Supreme Court, and not from his initial postconviction petition. Thus, Butler cannot rely on *Martinez* to excuse the default that resulted from his failure to include his claim of ineffective assistance of trial counsel in his Petition for Leave to Appeal in the Illinois Supreme Court following the denial of his postconviction petition by the state appellate court.

Unless this Court issues a certificate of appealability, an appeal may not be taken to the United States Court of Appeals from a district court's judgment in a habeas corpus proceeding where the allegedly unconstitutional acts complained of arise out of a process issued by a state court. *See* § 2253(c)(1)(A). Courts may only grant a certificate of appealability when the petitioner has presented "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Where, as here, the Court dismisses a habeas petition on

procedural grounds, a certificate of appealability is appropriate only if reasonable judges could reasonably disagree over whether the petitioner has shown the violation of a constitutional right, and whether the procedural ruling was correct. *See Slack v. McDaniel*, 529 U.S. 473 (2000) ( "a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reasonable mind would find it debatable whether the district court was correct in its procedural ruling."). When it is clear that an obvious procedural defect bars the petitioner's case, then there is no room for reasonable judicial debate, and the petitioner should not be allowed to prosecute his case further in the Court of Appeals. *See Id*. at 484. It has been determined that Butler's ineffective assistance of counsel claims are procedurally defaulted and that he cannot show cause and prejudice to excuse the default, and there is no debate that actual innocence is a non-cognizable claim on federal habeas corpus review under § 2254. The Court therefore denies Butler a certificate of appealability. For the foregoing reasons, Butler's Petition for a Writ of Habeas Corpus is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 22, 2012